UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case Number 23-20179

v.                                          Honorable David M. Lawson

EDWARD LEE DICKERSON,

        Defendant.
_____/

## ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER

This matter is before the Court on the defendant's motion to revoke the order of detention and for release on bond pending trial. The Court has reviewed the submissions of the parties and heard oral argument on May 11, 2023. At the end of the hearing, the Court found, based on all of the information submitted by the parties, that there is no condition or combination of conditions that reasonably would assure the defendant's appearance at trial or the safety of the community, and the Court announced from the bench its decision to deny the motion.

The Bail Reform Act favors pretrial release. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (observing that "[t]he default position of the law . . . is that a defendant should be released pending trial"). Detention may be ordered "only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Ibid.* (quoting 18 U.S.C. § 3142(e)). In making this determination, the Court must consider:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2)    the weight of the evidence against the person;

  (3) the history and characteristics of the person, including

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

  The defendant was charged in a six-count indictment with possession of heroin, cocaine, cocaine base, and fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 942(c)(1)(A).  The charges stem from the March 14, 2023 execution of a search warrant at the defendant's home.  During the search, officers found three firearms, including a Glock pistol and an AR-15 style semiautomatic rifle, both of which were stolen.  They also found 28.5 grams of suspected heroin, 271.9 grams of suspected cocaine, and 115.7 grams of suspected fentanyl.

  The defendant is 45 years old and has a long criminal history.  He has six prior felony convictions, five of which were for drug offenses and the sixth and most recent of which was for assault with intent to do great bodily harm.  The assault charges arose in 2014 after the defendant conducted a drive-by shooting in which one victim was shot in the neck and another in the groin.  His most recent period of supervision ended in November 2020, and he successfully completed parole without any violations.  However, between 1995 and 2006 the defendant repeatedly violated the terms of his supervision after repeatedly being convicted for narcotics dealing while on probation for other narcotics-trafficking crimes.

The magistrate judge issued a detention order after she found that the defendant posed a public danger and no condition or combination of conditions could assure the safety of the community. That finding was based on evidence presented by the government at the detention hearing, and proffered before this Court today, that established the defendant's possession of multiple firearms and significant quantities of narcotics, including significant quantities of fentanyl.

After considering the record of the proceedings and the presentations of the parties, the Court must agree with the magistrate judge. The government has established by clear and convincing evidence that no condition or combination of conditions reasonably will assure the safety of the community if the defendant is released. That conclusion is bolstered by additional evidence offered by the government at the motion hearing, most of which was considered by the magistrate judge as well. That evidence includes proof that the defendant

- has multiple prior felony convictions involving narcotics trafficking and a prior felony conviction for a violent assault
- has multiple violations of probation involving additional criminal conduct
- has been linked by surveillance to a property where a search was carried out at which three firearms (including high-powered and stolen weapons) as well as large amounts of fentanyl, cocaine, and heroin were located
- has engaged in a decades-long pattern of criminal conduct

The defendant argues that he largely has reformed. He notes that his last criminal conviction was for an assault that occurred nearly a decade ago and that he was released on bond during the assault case and successfully completed his parole with no violations. He also contends that his dangerous adequately can be mitigated by appointing his aunt as a third-party custodian and imposing a condition requiring a GPS tether. However, these conditions do not address the evidence of the defendant's dangerousness recited above.

The weight of the evidence against the defendant on the charged offense is strong.  Most of the factors weigh in favor of detention.  The government has carried its burden of proving by clear and convincing evidence that the defendant poses a danger to the community if released.

Accordingly, it is **ORDERED** that the defendant's motion to revoke the detention order (ECF No. 17) is **DENIED** for the reasons stated above and those stated on the record.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   May 11, 2023