United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                  Case No. 23-20179

v.

                                  Hon. David M. Lawson

Edward Lee Dickerson,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Edward Lee Dickerson, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Counts of Conviction

The defendant will plead guilty to Counts 4, 5, and 6 of the Indictment. Count 4 charges the defendant with possessing fentanyl with the intent to distribute it under 21 U.S.C. § 841(a)(1). Count 5 charges the defendant with possessing a stolen firearm under 18 U.S.C. § 922(j). Count 6 charges the defendant with possessing a firearm in furtherance of a drug-trafficking crime under of 18 U.S.C. § 924(c)(1)(A).

Page 1 of **20**

2.     **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 4 | Term of imprisonment: | Up to 20 years |
|---|---|---|
| | Fine: | Up to $1,000,000 |
| | Term of supervised release: | Not less than 3 years |
| Count 5 | Term of imprisonment: | Up to 10 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |
| Count 6 | Term of imprisonment: | Not less than 5 years and up to life |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 5 years |

The defendant further understands that the Court must run the sentence on Count 6 consecutive to any other sentence imposed on any other Count. The defendant also understands that the Court has the discretion to run the sentences of imprisonment on Counts 4 and 5 consecutively to each other.

Ed

3.    **Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 1, 2, and 3 of the Indictment which charge the defendant with possession of controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

4.    **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional firearm charges against the defendant for the conduct reflected in the Indictment.

5.    **Agreement to Forgo or Withdraw § 851 Information Requiring Enhanced Penalties**

The defendant acknowledges that he has prior convictions that may subject him to enhanced statutory penalties under the Controlled Substances Act. As part of this plea agreement, the government agrees that it will not file an information under 21 U.S.C. § 851.

6.   **Elements of Counts of Conviction**

The elements of Count 4 are:

- The defendant knowingly possessed a mixture and substance containing a detectable amount of fentanyl; and

- At the time he possessed the fentanyl, the defendant intended to distribute it to another person or persons.

The elements of Count 5 are:

- The defendant knowingly possessed a stolen firearm;

- The firearm had been shipped or transported from one state to another; and

- The defendant knew or had reasonable cause to believe that the firearm had been stolen.

The elements of Count 6 are:

- The defendant committed the crime charged in Count 4. Possessing fentanyl with the intent to distribute it is a drug trafficking crime which may be prosecuted in a court of the United States;

- The defendant knowingly possessed a firearm; and

- The defendant's possession of the firearm was in furtherance of the crime charged in Count 4.



7.    **Factual Basis**

The parties agree that the following facts are true, accurately

describe the defendant's role in the offenses, and provide a sufficient

factual basis for the defendant's guilty plea:

On or about March 14, 2023, the defendant possessed a

distribution quantity of several different types of illegal drugs,

including fentanyl, when law enforcement officers executed a search

warrant at his home in Detroit, Michigan, located in the Eastern

District of Michigan. In addition to the drugs, the defendant also

possessed three firearms at his home at the time of the search warrant

execution: a Charter Arms revolver, a Glock 19, 9mm pistol, and a

Bushmaster AR-15 .223-caliber rifle. The Glock 19, 9mm pistol and the

Bushmaster AR-15, .223-caliber rifle were both previously reported as

stolen.

The defendant admits that he knowingly possessed the illegal

drugs, including the fentanyl, with the intent to distribute them, in

violation of 21 U.S.C § 841(a), which is a drug trafficking crime

prosecutable in federal court. Further, the defendant admits that the

firearms were shipped and transported in interstate commerce and that

Page **5** of **20**

he knew or had reasonable cause to believe that the Glock pistol and the Bushmaster AR-15 rifle had been stolen prior to his possession of them. Finally, the defendant admits that he possessed the three firearms in furtherance of his drug trafficking crime, in that the defendant possessed the firearms to protect the fentanyl and other illegal drugs that he possessed and the proceeds he earned by selling the drugs.

**8.    Stipulated Offenses**

The parties stipulate under USSG § 1B1.2(c) that the defendant has committed the following additional offenses and that his sentencing guidelines should be calculated as if he had been convicted of additional counts charging those offenses (specifically, Counts 1, 2, and 3 of the Indictment as charged):

- Possession with the intent to distribute heroin;

- Possession with the intent to distribute cocaine; and

- Possession with the intent to distribute cocaine base (crack cocaine).



9.    **Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;



H.     The right to present evidence or not to present evidence at
trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 10.   Collateral Consequences of Conviction

The defendant understands that his convictions here may carry
additional consequences under federal or state law. The defendant
understands that, if he is not a United States citizen, his convictions
here may require him to be removed from the United States, denied
citizenship, and denied admission to the United States in the future.
The defendant further understands that the additional consequences of
his convictions here may include, but are not limited to, adverse effects
on the defendant's immigration status, naturalized citizenship, right to
vote, right to carry a firearm, right to serve on a jury, and ability to hold
certain licenses or to be employed in certain fields. The defendant
understands that no one, including the defendant's attorney or the
Court, can predict to a certainty what the additional consequences of
the defendant's convictions might be. The defendant nevertheless
affirms that the defendant chooses to plead guilty regardless of any
immigration or other consequences from his convictions.

Page 8 of 20

*Ed*

11.   **Defendant's Guideline Range**

   A.   **Court's Determination**

   The Court will determine the defendant's guideline range at

sentencing.

   B.   **Acceptance of Responsibility**

   The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a) for his guideline

calculation on Counts 4 and 5. Further, if the defendant's offense level

is 16 or greater and the defendant is awarded the two-level reduction

under USSG § 3E1.1(a), the government recommends that the

defendant receive an additional one-level reduction for acceptance of

responsibility under USSG § 3E1.1(b). If, however, the government

learns that the defendant has engaged in any conduct inconsistent with

acceptance of responsibility—including, but not limited to, making any

false statement to, or withholding information from, his probation

officer; obstructing justice in any way; denying his guilt on the offenses

to which he is pleading guilty; committing additional crimes after

pleading guilty; or otherwise demonstrating a lack of acceptance of

*Ed*

responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 11.B, 11.C, or 11.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

*Ed*

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 11.B, 11.C, or 11.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 12.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

*Ed*

on Counts 4 and 5 not exceed the midpoint of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 11.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

The parties have no agreement as to supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow



the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 12.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

The parties have no agreement as to a fine.

### E.   Forfeiture

The defendant agrees, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit to the United States of America, all firearms and ammunition involved in or used in any knowing violation of the offenses, including, but not limited to:

- One 9-millimeter, Glock 19 pistol and all related ammunition;

- One .38-caliber, Charter Arms revolver and all related ammunition; and

- One .223-caliber, Bushmaster AR-15-style rifle and all related ammunition.

*Ed*

Under 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 841, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following Defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final at the time entered by the Court.

The defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J).

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearm, ammunition, and property referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### F.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $300, due immediately upon sentencing.

### 13.  Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may

Page **15** of **20**

have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the statutory maximum.

**14.   Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**15.   Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty pleas or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 16.  Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the

factual basis set forth in this agreement, against the defendant in any proceeding.

**17.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**18.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions



against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**19.     Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 on June 16, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Brandy R. McMillion
Chief, General Crimes Unit
Assistant U.S. Attorney

_____
Hank Moon
Assistant U.S. Attorney

Dated: 6/5/2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands

Page **19** of **20**

*Ed*

this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

James Gerometta
Attorney for Defendant
Fabian Renteria
Dated: 7/27/2023

Edward Lee Dickerson
Defendant
7/27/2023

Page **20** of **20**