UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              CASE NO.: 23-20179

EDWARD LEE DICKERSON,        HON. DAVID M. LAWSON

    Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

I.

INTRODUCTION

    Edward Dickerson will be the first person to admit that he made some bad choices in his life. At 46 years old he is facing his 7th felony conviction. His last conviction caused him to be away from his children for 5 years, from 2014-2019. His current charges, drug distribution and possession of a firearm in connection with drug distribution, mean he is facing between 5 and 11 years in prison. Again, he will be away from his family for years.

    Being removed from his family is particularly painful for Mr. Dickerson. He was abandoned by his own father, and his mother was too caught up in her abusive relationship to give Mr. Dickerson the love and support he needed when he was young. Despite any failings he may have, Mr. Dickerson made sure his children

1

always felt loved and wanted. When he was arrested in March, his daughter (age 26) stopped speaking to him because she was so disappointed and hurt that he would risk being taken away from his family.

No sentence this Court could impose will inflict as much punishment as Mr. Dickerson's current estrangement from his daughter. What he wants more than anything is to return home to see his family as soon as possible. If this Court imposes a sentence at the mandatory minimum, Mr. Dickerson will be in his 50s when he is released from custody and court supervision. The United States Sentencing Commission's study of recidivism has shown that once an offender reaches their 50s, their chance of rearrest is reduced almost in half.

Because he is aging and has a stable family support system waiting for him when he is released, this Court can confidently impose a sentence at the mandatory minimum, 5 years and 1 day plus 3 years of supervised release.

## II.

## DEFENDANT'S BACKGROUND

Edward Dickerson was raised by a single mother in Detroit. Although his biological father worked for Ford Motor Company, he did not support Mr. Dickerson financially or emotionally and played no role in his life. When he was young, his mother began a relationship with Steven Purdue. Unfortunately, unlike his father, Mr. Purdue was constant in the household. This meant constant verbal and physical

abuse of his mother. Mr. Dickerson does not believe he was abused but acknowledges that Mr. Perdue was a "rough disciplinarian." It is likely that an objective assessment of Mr. Dickerson's childhood would conclude that he was abused. Mr. Dickerson's view of his situation is likely colored by his situation relative to the abuse that his mother endured.

Mr. Dickerson left this abusive home around the age of 16. Unsurprisingly, as a teenager on his own in Detroit, Mr. Dickerson sold drugs to support himself. Of his 6 prior felony convictions, 5 are low-level drug offenses for which he received probationary or short jail sentences (one of his probationary sentences was revoked and he served 1 year in the MDOC).

Mr. Dickerson did more than just sell drugs. He had four children, one of whom died in car accident. As the letter from his aunt, Robin Dickerson-Nash shows, from the beginning he was devoted to them, taking them to school and practice, and making sure that they graduated from high school and had a stable homelife so they would not make the same choices that he did. He received his GED and worked as a tow truck driver. Often, it was the lure of money to provide a better life for his family that drove Mr. Dickerson away from legitimate employment and back to drug dealing.



*Edward Dickerson and his family.  Undated.*

Mr. Dickerson does have one violent conviction, an assault conviction from just under 10 years ago.  He served around 5 years before being released just over 4 years ago.  The allegations in that case involve Mr. Dickerson conducting a drive-by shooting.  Mr. Dickerson continues to maintain his innocence in that case, believing that the individuals were targeted because of their gang affiliation and that they chose to blame the shooting on Mr. Dickerson because they believed he told the police about their involvement in a string of neighborhood home invasions.

In stark contrast to the facts of his assault case, those who know Mr. Dickerson describe him as loving and generous. Both his aunt and a friend, Latana Gordon, write of Mr. Dickerson listening to their problems, doing yard work for older relatives, and loving his children. It is easy to define a criminal defendant by their criminal history because it is easily readable in black and white and their LEIN sheet. These are the worst actions of a person, but they are not the actions that should define them. Love of family, devotion, and generosity, these are the actions that should define Mr. Dickerson.

## III.

## THE INSTANT OFFENSE

On March 14, 2023, law enforcement executed a search warrant at Mr. Dickerson's home. They recovered three firearms, ammunition, and narcotics being held for sale. There is no evidence that Mr. Dickerson actively used the firearms in an assaultive fashion

## IV.

## THE APPROPRIATE SENTENCE

If this Court imposes the mandatory minimum sentence of 5 years and 1 day, Mr. Dickerson will be in his early 50s when released from imprisonment and court supervision. Staying within the guidelines, the Court could impose up to an additional 71 months, for a total sentence of 131 months, approximately 11 years.

Because a sentence must be "sufficient, but not greater than necessary" to meet the sentencing goals set forth by Congress, this Court must decide if additional time over 5 years is needed to provide punishment, deter criminal conduct, protect the public, and provide needed rehabilitative treatment. 18 U.S.C. § 3553.

As explained in the section outlining Mr. Dickerson's background, he is devoted to his family. He still bears the trauma of his own abandonment by his father and the lack of care from his mother. His life has been, in large part, an effort to make sure his children did not experience the same consequences. Now he will again be away from them for at least 5 years. While some offenders become institutionalized and prison becomes a regular part of their life, Mr. Dickerson is not one of them. The time away from his family is a significant punishment for his crime and affects him in a way that many other offenders do not feel.

Mr. Dickerson's arrest and prosecution have already accomplished most of the general and specific deterrence that will occur because of this case. The Department of Justice's own studies have shown that the certainty of being caught, rather than the threat of large punishments is what deters criminal conduct. Sentence length plays almost no factor in deterrence. See Five Things About Deterrence, U.S. Department of Justice, Office of Justice Programs, National Institute of Justice, May 2016. Available at: https://perma.cc/B2DV-BGBK

As noted above, regardless of what sentence this Court imposes Mr. Dickerson will be in his 50s when released from prison. For offenders released in their 50s, the rearrest rate drops nearly in half, from 42% to 24%. See Recidivism Among Federal Offenders: A Comprehensive Overview, United States Sentencing Commission, March 2016, page 23. Available at: https://perma.cc/6Y8E-9P84 The natural process of aging will serve to protect the public regardless of whether a 5 or 11-year sentence is imposed.

Finally, a sentence of 5 years is sufficient to complete any cognitive behavior or vocational training program available within the Federal Bureau of Prisons.

Little is gained from increasing Mr. Dickerson's sentence above the 5-year mandatory minimum. As he approaches his 50s, he will naturally begin to age out of criminal behavior. The impact of this sentence on his family, most notably his daughter's reaction and current estrangement, will help accelerate that process as Mr. Dickerson realizes that he cannot spend the last third of his life without his family's love and companionship.

V.

CONCLUSION

For all the above reason, this Court should impose a sentence of 60 months and 1 day, the mandatory minimum plus 3 years of supervised release.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/James R. Gerometta
Assistant Federal Defender
613 Abbott Street, Suite 500
Detroit, MI 48226
Ph1: 313-967-5839
E-mail: james_gerometta@fd.org
P60260

Dated:  November 23, 2023